(87 Misc. Rep. 81)

### In re BELOTTI.

(Surrogate's Court, Bronx County. September, 1914.)

EXECUTORS AND ADMINISTRATORS (§ 22*)—LIMITED LETTERS OF ADMINISTRATION.

Under Code Civ. Proc. §§ 2559, 2592, as amended in 1914 (Laws 1914, c. 443), limited letters of administration may be granted to permit an administrator to prosecute any cause of action.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 116–127; Dec. Dig. § 22.*]

In the matter of Salvino Belotti, deceased. On application for limited letters of administration. Granted.

Charles P. Hallock, of New York City, for petitioner.

SCHULZ, S. The petitioner, a son of the decedent, applies for limited letters of administration, authorizing him to revive, bring, and prosecute the action mentioned in the petition. The widow of the decedent has renounced her prior right to such letters.

The petition sets forth that the value of the personal property of the decedent is uncertain, unliquidated, and undetermined, and that such personal property consists of a claim in an action pending in the Supreme Court, Bronx County, in which the decedent was the plaintiff, to recover possession of certain real property and for damages for withholding possession thereof, and was pending at the time of the death of the decedent. The question arises whether such limited letters of ad-

ministration may be granted, and, if so, whether a bond on the part of the administrator may be dispensed with.

Prior to September 1, 1914, limited letters of administration could only be issued pursuant to section 2664 of the Code of Civil Procedure as then in force. Under that section, limited letters could be granted only where a cause of action existed for negligently causing the death of the deceased, pursuant to the special provision of law contained in the Code of Civil Procedure, § 1902. Kirwin v. Malone, 45 App. Div. 93, 61 N. Y. Supp. 844, followed in Matter of Carter, 74 Misc. Rep. 1, 133 N. Y. Supp. 722. The present proceeding was brought subsequently to the 1st day of September, 1914, upon which date chapter 443 of the Laws of 1914 became effective, and is therefore governed by the provisions of section 2559 and section 2592 of the Code of Civil Procedure, as now in force. These sections, so far as material, provide as follows:

Section 2559. "Letters may be granted limiting and restricting the powers and rights of the holders thereof as follows: To an executor or administrator where a right of action exists."

Section 2592. "Where a right of action is granted to an * * * administrator by special provision of law, or it is alleged that a cause of action existed in behalf of decedent, and it appears to be impracticable to give a bond sufficient to cover the probable amount to be recovered * * * the surrogate may dispense with a bond * * * and issue letters which as to such cause of action shall be limited to the prosecution thereof."

It seems clear to me that under the provisions of these sections the relief prayed for in the petition may, and under the circumstances detailed should, be granted, and in view of the impracticability of giving a bond sufficient to cover the probable amount of the recovery no bond should be required, and the letters should be limited in accordance with the provisions of the section last cited. Letters will issue accordingly.

Decreed accordingly.